# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**MID CITY TOWER, LLC**       **CIVIL ACTION**

**VERSUS**

**NO. 21-440-SDD-EWD**

**CERTAIN UNDERWRITER'S AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NO. LA135205**

## RULING AND ORDER

Before the Court is the Plaintiff's Motion to Compel Responses to Interrogatories, Production of Documents, and Request for Admissions Responsive to Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions and Second Set of Interrogatories and Motion for an In Camera Inspection of Responses,[1] filed by Mid City Tower, LLC ("Plaintiff"), which is opposed by Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. LA135205 ("Lloyd's").[2] The Court has conducted two telephone conferences with the parties to discuss jurisdictional discovery and to provide guidance. Further argument is not necessary.[3] The Motion will be denied because Plaintiff has not shown that the discovery sought will likely enable Plaintiff to sustain its burden of establishing the requisite amount in controversy, and because the requested discovery would be unduly burdensome on Lloyd's.

**I.**     **BACKGROUND**

The procedural history leading up to this Motion is detailed in a briefing order, as well as the minutes of two prior telephone conferences and is only summarized here.[4] Plaintiff filed suit

---

[1] R. Doc. 63.
[2] R. Doc. 65.
[3] R. Docs. 56, 61. Oral argument is discretionary. Local Civil Rule 78(b).
[4] R. Docs. 3, 56, 61.

in this Court on the basis of diversity jurisdiction, but the original Complaint failed to adequately allege Plaintiff's citizenship, failed to adequately allege the citizenship of Defendant Lloyd's, which requires the identification and citizenship of every "Name" behind the Syndicates at issue, and failed to allege that the amount in controversy was met as to each Name.[5] In response to the Court's briefing order, Plaintiff sought leave to file a proposed First Amended Complaint, which identified thirteen Lloyd's Syndicates but still failed to allege the identity and citizenship of every Name behind them and that the amount of controversy was met as to each Name.[6] The allegations as to Plaintiff's citizenship were also still deficient.[7] The case was then stayed at the parties' request for over a year.[8] After the stay was lifted, the Court held a telephone conference because subject matter jurisdiction still had not been established. The pleading requirements were again explained to Plaintiff, and Plaintiff was given sixty additional days, until May 8, 2023, to conduct

---

[5] R. Docs. 1, 3.

[6] R. Doc. 9-1 and *see* R. Doc. 56. At most, Plaintiff alleged the citizenship of each Syndicate and that the amount in controversy was met as to each Syndicate, which is inadequate. *See Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London,* No. 18-837, 2020 WL 512507, at *4 (E.D. Tex. Jan. 31, 2020) ("Defendants' argument also flouts the Fifth Circuit's definitive holding that 'an insured has no claim against a Syndicate for coverage under a Lloyd's policy.' *Id.* at 865. Even in situations where a Syndicate is comprised of only a single Name, the claim is always against the Name—never the Syndicate. *See id.* at 859 & n. 5; *see also Advanced Sleep,* 2015 WL 4097069, at *3 & n.23 (collecting cases) (explaining that Names, not Syndicates, are the real parties in interest); *Cronin v. State Farm Lloyds,* No. CIV.A.H-08-1983, 2008 WL 4649653, at *5 & n. 35 (S.D. Tex. Oct. 10, 2008) (same). It is axiomatic that 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the ... real parties to the controversy.' *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980). A Syndicate cannot be a real party to a controversy involving 'Certain Underwriters at Lloyd's London' under controlling Fifth Circuit precedent. *See Corfield,* 355 F.3d at 858–59, 864–65."). While Plaintiff contended that "it relies on the subject policy to identify the insurers," "There are no Names or Leads listed in the subject policy," and Plaintiff allegedly "confirmed" that there are no Names identified in the policy with its broker, (R. Doc. 9, pp. 3, 5), it does not necessarily follow that there are no Names behind the Syndicates just because they are not listed in the policy, which was discussed during a conference. R. Doc. 56. In any case, these statements have since been contradicted by Lloyd's Declaration that there are 1,521 members behind Syndicate 33 alone for the year of account at issue. R. Doc. 66-7, ¶ 4.

[7] Plaintiff's original Complaint failed to identify any members, and its proposed First Amended Complaint only lists names and addresses for three members, which does not adequately identify their domiciles. R. Doc. 1, ¶ 2 and Doc. 9-1, ¶ 4. *See, e.g., MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (recognizing that an individual's citizenship means domicile, and that domicile and residency are not equivalent, such that an allegation of residency alone is insufficient to allege citizenship).

[8] Plaintiff's Motion to Substitute Complaint was terminated because the case was stayed on motion of the parties due to their participation in an appraisal process. R. Docs. 37-38. On March 1, 2023, the stay was lifted. R. Doc. 53.

jurisdictional discovery.[9] Plaintiff was ordered to file a comprehensive amended complaint with adequate jurisdictional allegations on or before May 29, 2023, if possible.[10]

After the expiration of the jurisdictional discovery deadline, a second conference was held at the joint request of the parties.[11] During that conference, Plaintiff alleged that it had not obtained adequate discovery responses from Lloyd's, which it needed to file the amended complaint. Plaintiff requested additional time to conduct discovery.[12] Lloyd's alleged that the discovery sought was disproportional to the needs of the case because one Syndicate was comprised of over one thousand five hundred names so that the total amount in controversy would have to exceed $7.5 billion to be met as to each Name.[13] Guidance was provided to the parties. Plaintiff was given additional time to conduct discovery (until June 30, 2023) and was ordered to file either an amended complaint with adequate jurisdictional allegations, or a Fed. R. Civ. P. 41 motion for voluntary dismissal, on or before July 14, 2023.[14] On the extended jurisdictional discovery deadline, Plaintiff filed the instant Motion, which is opposed by Lloyd's.[15]

## II. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

"A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case."[16] A federal court may raise subject

---

[9] R. Doc. 56.
[10] R. Doc. 56.
[11] R. Docs. 59-61.
[12] R. Doc. 61.
[13] Plaintiff suggested that it would potentially dismiss claims against the Lloyd's Names against whom it could not establish jurisdiction. The Court noted that Plaintiff's suggestion of dismissing claims against Names post-removal was unlikely to adequately establish jurisdiction, which is judged at the time of removal. R. Doc. 61, p. 2.
[14] R. Docs. 61-62.
[15] R. Docs. 63, 65-66.
[16] *NL Industries, Inc. v. OneBeacon America Insurance Co.*, 435 F.Supp.2d 558, 561 (N.D. Tex. 2006), citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

matter jurisdiction *sua sponte*.[17]  Jurisdiction premised upon diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.[18] "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly alleged and cannot be established argumentatively or by mere inference."[19]

As explained in the September 10, 2021 briefing order, there are many opinions in this Circuit holding that Lloyd's is an unincorporated association, and every association other than a corporation "must be treated like a partnership."[20] According to *Cannon*, "[i]f plaintiff's intent is to sue certain lead underwriters on the Lloyd's policy in their individual capacities…the citizenship of each subscribing Name to that Syndicate must be considered when determining the citizenship of that Syndicate."[21]  As to the amount in controversy, *Rips, LLC v. Underwriters at Lloyd's London,* noted that there are "a number of cases from [the Eastern District of Louisiana] as well as a Fifth Circuit opinion [that] affirm Lloyd's assertion that the $75,000 minimum must be met against each individual Name."[22]

---

[17] *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction sua sponte").
[18] *NL Indus., Inc.,* 435 F. Supp. 2d at 561, citing *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003), *cert. denied,* 541 U.S. 1073 (2004) (internal citation omitted).
[19] *NL Indus., Inc.,* 435 F. Supp. 2d at 561, citing *Getty a Div. of Texaco, Inc. v. Insurance Co. of North America,* No. 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633 636 n. 2 (5th Cir. 1983)).
[20] *See* R. Doc. 3, and *Cannon v. ZC Sterling Ins. Agency, Inc.,* No. 09-819, 2010 WL 11538352, at *1 (M.D. La. Apr. 6, 2010), citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990) and *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).
[21] *Cannon,* 2010 WL 11538352, at *2.
[22] *Rips, LLC v. Underwriters at Lloyd's London,* No. 14-1969, 2015 WL 2452339, at *2-3 (E.D. La. May 21, 2015), *and see id*: "In *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London,* the court granted dismissal both because the plaintiff had failed to assert facts to indicate that 'the amount in controversy is met as to all Names sued under the policy' and because at least one Name was non-diverse. Civ. A. No. 07–4883, 2008 WL 215842, *2 (E.D. La. Jan. 23, 2008). In *McAuslin v. Grinnell Corp.,* Judge Vance likewise found that jurisdiction was lacking both because several Names were non-diverse, and because 'all but one of the Names lack[ed] the requisite amount in controversy.' Civ. A. No. 97–803 [sic, 97-775], 2000 WL 1059850, *4 (E.D. La. Aug. 1, 2000). In *Team One Properties, LLC v. Certain Underwriters at Lloyd's, London,* the Court dismissed the action because the total amount in controversy against *all* Names was only $47,594.37, not because the $75,000 minimum was not met as to each

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.[23] Here, that is Plaintiff.

## B. Legal Standard on Jurisdictional Discovery

"When the jurisdiction of a federal court is challenged, that court has a duty to make the inquiries necessary to establish its own jurisdiction."[24] "Since there is 'no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'"[25] "When subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to ... mak[e] a determination as to jurisdiction, 'which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing.'"[26] District courts may permit jurisdictional discovery to determine whether the court has subject matter jurisdiction.[27] The party opposing dismissal and requesting discovery bears the burden of demonstrating the necessity of discovery.[28] Movants are "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce

---

Name. However, the opinion referenced Judge Vance's holding in *McAuslin* as guidance. Civ. A. No. 07–4493, 2007 WL 4365392, *4 (E.D. La. Dec. 10, 2007). The Fifth Circuit upheld the ruling, stating that the 'district court found that Team One did not demonstrate that the amount in controversy against *any* completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interest and costs.' *Team One Properties LLC v. Certain Underwriters at Lloyds London,* 281 Fed. App'x 323, *1 (5th Cir. 2008)."

[23] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[24] *Unified 2020 Realty Partners, L.P. v. Proxim Wireless Corp.*, No. 11-861, 2011 WL 2650199, at *1 (N.D. Tex. July 6, 2011), citing *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citation omitted); *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (recognizing the "authority of federal courts to protect their own jurisdiction.").

[25] *Unified 2020 Realty Partners, L.P.*, 2011 WL 2650199, *1, citing *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (internal quotation omitted).

[26] *Unified 2020 Realty Partners, L.P.*, 2011 WL 2650199, *1, citing *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *2 (M.D.La. Sept. 24, 2007) (internal quotation omitted).

[27] *See, e.g., Unified 2020 Realty Partners, L.P.*, 2011 WL 2650199, *2, citing *Garbin v. Gulf South Pipeline Co.*, No. 01-2659, 2001 WL 1386067 (E.D. La. Nov. 7, 2001) (noting that jurisdictional discovery was permitted so that the identity of defendants and amount-in-controversy could be determined for diversity jurisdiction) and citing *Turner Bros. Crane & Rigging, LLC*, 2007 WL 2848154, at *2 (noting that the defendant was permitted to conduct limited discovery relevant to the relationships between the entities that comprised the plaintiff).

[28] *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013), citing *Freeman v. United States*, 556 F.3d 326, 341–42 (5th Cir. 2009).

the facts needed to withstand a Rule 12(b)(1) motion."[29]  Jurisdictional discovery has also been denied where it is unclear whether a party has the requested information.[30] "The imposition of jurisdictional discovery places an undue and unnecessary burden on the parties when the proponent of such discovery only supports the request by conjecture, speculation, or suggestion."[31]

### C. Jurisdictional Discovery Responses Will Not Be Compelled Because the Requested Discovery Is Not Likely to Produce the Facts Needed to Withstand a Rule 12(b)(1) Motion

Plaintiff filed this suit on July 30, 2021.  On September 10, 2021, the Court *sua sponte* raised the deficiencies in the jurisdictional allegations. After the stay was lifted, Plaintiff was granted 105 days to conduct jurisdictional discovery to attempt to determine the identity and citizenship of all pertinent Names and the amount in controversy as to each, as is required for an adequate jurisdictional allegations as to Lloyd's.[32]  Plaintiff now contends that Lloyd's should be compelled to supplement its discovery responses because Lloyd's has failed to identify every Name behind the Syndicates and the citizenship(s) of each Name, which precludes Plaintiff from filing an amended complaint.[33] To address Lloyd's confidentiality objections to production of member information, Plaintiff also proposes that "this Honorable Court conduct an in-camera inspection of the identity and citizenship of each Member to determine the citizenship of each Member for purposes of diversity jurisdiction."  Plaintiff alternatively proposes that the discovery responses could be filed under seal or that Plaintiff could execute a non-disclosure agreement.[34]

---

[29] *Davila,* 713 F.3d at 264, citing *Freeman,* 556 F.3d at 342.
[30] *See, e.g., Unified 2020 Realty Partners, L.P.*, 2011 WL 2650199, *2, citing *NL Indus., Inc.,* 435 F.Supp.2d at 565 (denying the defendant's request for jurisdictional discovery when the defendant merely suggested that the plaintiff had the requested information).
[31] *See NL Indus., Inc.*, 435 F.Supp.2d at 566 and *Edmondson v. Cedar Park Health Sys., L.P.,* No. 17-1030, 2018 WL 4677897, at *4 (W.D. Tex. June 8, 2018) report and recommendation adopted, No. 17-1030, 2018 WL 4701812 (W.D. Tex. July 30, 2018).
[32] R. Docs. 3, 56, 61-62.
[33] R. Doc. 63-4, p. 2
[34] R. Doc. 63-4, p. 3.

In response to Plaintiff's two sets of discovery requests (and this Motion), Lloyd's asserted an "Omnibus Objection and Response," in which it states that one Syndicate, Syndicate 33 a/k/a Hiscox 33, is an unincorporated association. As supported by the Declaration of Jonathan Cox, Hiscox's Group Technical Standards counsel made under penalty of perjury,[35] Lloyd's contends:

> Syndicate 33's members (*i.e.*, Names) participate in the syndicate on a year-of-account basis. *Id*. Syndicate 33 members severally subscribed to 10% of the Policy during its 2019 year of account.[36] *Id*. at p.1 ¶ 3. There are 1,521 members of Syndicate 33's 2019 year of account. *Id*. at p.1 ¶ 4. More, Syndicate 33's members participate in varying percentages, and at least one member's share of Syndicate 33's 2019 year of account is less than .01%.[37]

As a result of the fractional participation of at least one of the members of Syndicate 33, Lloyd's contends that Plaintiff cannot establish that the amount in controversy is met as to every Name at issue. Lloyd's gives the example of a hypothetical claim by Plaintiff of $1 billion dollars. A claim of that size would result in exposure of $100 million dollars to Syndicate 33's members based on their 10% participation in the policy, resulting in exposure of less than $10,000 to the member with the share of less than .01%.[38] Lloyd's avers that Plaintiff would have to allege more than $7.5 billion in the aggregate to satisfy the amount in controversy requirement for all Syndicate 33 members.[39] On the strength of these allegations, as supported by the Declaration, Lloyd's objected to providing any further information regarding the citizenship of the Names, contending that Plaintiff cannot in good faith establish the requisite amount in controversy as to each Name and thus further discovery would be unduly burdensome.[40]

---

[35] R. Doc. 63-9.
[36] Plaintiff alleges damages that occurred in August 2019. R. Doc. 1, ¶ 1. Lloyd's contends that the policy at issue was issued to Plaintiff for the policy period of June 13, 2019 to June 13, 2020. R. Doc. 63-7, p. 3.
[37] R. Doc. 63-7, pp. 2-3; R. Doc. 63-8, pp. 2-4; R. Doc. 65, pp. 2-3.
[38] R. Doc. 63-7, pp. 4-5.
[39] R. Doc. 65, p. 3, and *see* footnote 3 for the calculations.
[40] *See* R. Doc. 63-7, pp. 5-18 (Lloyd's responses to first set of discovery requests) and R. Doc. 63-8, pp. 6-11 (Lloyd's responses to second set of discovery requests). Lloyd's did produce a copy of the policy, Cox's Declaration, and

As with all discovery matters, the question of whether to permit jurisdictional discovery, including whether to compel it, is committed to the trial court's discretion.[41] Plaintiff has not shown that continued discovery will enable it to allege in good faith that the amount in controversy is met as to each Name.[42] Cox's Declaration is uncontroverted, and is pertinent evidence that, even if just Syndicate 33's members/names are considered, it is unlikely that Plaintiff can establish the requisite amount in controversy as to each Name.[43] Furthermore, Lloyd's discovery responses and opposition memorandum reflect that the citizenship of all of the pertinent Names is currently unknown and would require significant effort to ascertain because, as Lloyd's correctly notes, counsel could not merely rely on physical addresses to determine each Name's domicile.[44] It would be unduly burdensome on Lloyd's to attempt to determine the citizenship of all of the Names behind the Syndicates when it is not the party tasked with establishing subject matter jurisdiction,[45] and when it is unlikely that Plaintiff can establish the requisite amount in controversy as to each Name, even if they were identified. Plaintiff has not offered any argument or evidence to contradict Lloyd's assertion the citizenship of each Name is not currently known, nor has Plaintiff shown that

---

substantively responded to Plaintiff's Interrogatory No.1 in the second set of discovery regarding the percentages of participation of each Syndicate. R. Doc. 63-8, p. 5. Lloyd's also objected to the requests as seeking confidential information. R. Doc. 63-7, pp. 5-18 and R. Doc. 63-8, pp. 6-11.

[41] *See, e.g., Edmondson,* 2018 WL 4677897 at *4, citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

[42] This is particularly the case given Plaintiff's prior allegations. Plaintiff's original complaint only generally alleged that the amount in controversy exceeds $75,000, exclusive of interest and costs, and while it referenced some damage estimates and payments, it did not expressly allege the amount it actually claimed was owed under the policy. R. Doc. 1. The proposed first amended complaint generally alleged that the amount in controversy is met as to each Syndicate, but then approximated damages of $8.9 million. R. Doc. 9-1, ¶¶ 14-27, 44. Using this figure, the amount in controversy as to the Name subscribing to less than 0.01% of Syndicate 33's 10% share of the risk would be approximately $89.00.

[43] *See Edmondson,* 2018 WL 4677897 at *3 ("In determining whether jurisdiction exists, courts routinely rely on declarations as competent evidence, even where controverted. *See Alphonse v. Arch Bay Holdings, LLC*, 618 F. App'x 765, 768-69 (5th Cir. 2015)(approving the district court's reliance on a declaration from an LLC's non-diverse member in declining to permit jurisdictional discovery).")

[44] *See* R. Doc. 63-7, pp. 7-8; R. Doc. 63-8, p. 9; R. Doc. 65, pp. 7; and *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.").

[45] *See, e.g., NL Indus., Inc.,* 435 F.Supp.2d at 566 (noting that the party seeking to invoke subject matter jurisdiction "should not seek to have its opponent carry the day. The court does not believe jurisdictional discovery should be undertaken when the party requesting such discovery can only suggest or speculate that the requested discovery will shed light on or resolve the issues pertaining to diversity of citizenship.").

further discovery will reveal evidence of billions of dollars of damages. Indeed, Plaintiff's representations as to amount in controversy support the opposite conclusion. Because the record reflects that that the requested discovery is not likely to produce the facts needed to withstand a Fed. R. Civ. P. 12(b)(1) motion, and an order compelling information that Lloyd's does not currently possess would be unduly burdensome, the Motion will be denied.

### III. CONCLUSION

Uncontroverted evidence submitted by Lloyd's establishes that 1,521 members/Names make up one of the thirteen Syndicates at issue, and at least one Name is subject to less than .01% of 10% of the total exposure, which renders it unlikely that Plaintiff can in good faith allege that its claims against each Name are likely to satisfy the amount in controversy requirement. Additionally, Lloyd's is not in possession of the citizenship information for all the Names at issue. As such, the discovery sought to be compelled comprising the identity and citizenship of all the Names is not likely to produce the facts needed to withstand a Fed. R. Civ. P. 12(b)(1) motion, and further, would be unduly burdensome on Lloyd's.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Discovery[46] filed by Plaintiff Mid City Towers, LLC, is **DENIED.**

Signed in Baton Rouge, Louisiana, on October 25, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[46] R. Doc. 63.